UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| BISCAYNE ENTERTAINMENT, INC., <br> Plaintiff, <br><br> v. <br><br> CITY OF PROVIDENCE BOARD OF LICENSES; DYLAN CONLEY; SYLVIA BERNAL; PETER MANCINI; CHARLES NEWTON; DELIA RODRIGUEZ-MASJOAN, *each in their official capacities as a Board Member of the City of Providence Board of Licenses*; JAMES J. LOMBARDI, III, ESQ., *in his official capacity as the Treasurer of the City of Providence*, <br> Defendants. | C.A. No. 20-130-JJM-LDA |

## ORDER

Before the Court is the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. ECF No. 4. The Plaintiff seeks to enjoin the Defendants from enforcing the decision of the City of Providence Board of Licenses (the "Board") to revoke the business licenses of the "Wild Zebra." *Id.* at 1. The Board revoked these licenses after finding the Plaintiff in violation of the Providence City Code, Section 14-17 (the "Ordinance"), which makes it unlawful for any worker of a licensee to undertake various prohibited conduct, including prostitution. ECF No. 9-3. The Board found the Plaintiff's "gross negligence" resulted in two incidents of prostitution at the Wild Zebra and one incident involving the sale of cocaine. *Id.* at 3-5. The

Defendants objected to the Plaintiff's Motion. ECF No. 9. The Court heard oral arguments during a telephonic motion hearing on April 6, 2020.

The Plaintiff asserts that it is entitled to injunctive relief because it has demonstrated a likelihood of success on the merits of its First Amendment claims. ECF No. 4-1 at 5. It contends that the Ordinance is an unconstitutional content-based restriction on free speech and that by using the Ordinance to revoke its business licenses, the Defendants have unconstitutionally infringed on the Plaintiff's First Amendment right to offer nude dancing, a form of constitutionally protected expressive conduct. *Id.* at 5-6.

Although the Ordinance does not seek to regulate the First Amendment rights of any license holder, nor does it reference protected speech, it may incidentally affect a license holder's First Amendment rights. *See* Providence, R.I., Code § 14-17. Its constitutionally must therefore be reviewed under intermediate scrutiny. *See Barnes v. Glen Theatre*, 501 U.S. 560, 566-67 (1991) (citing *United States v. O'Brien*, 391 U.S. 367 (1968)). To withstand intermediate scrutiny under a First Amendment claim, the Supreme Court has stated that a law or ordinance must: (1) be within the constitutional power of the government; (2) further an important or substantial governmental interest; (3) provide an asserted governmental interest unrelated to the suppression of free expression; and (4) ensure that any incidental restriction on alleged First Amendment freedom is no greater than essential to achieve that governmental interest. *Id.* at 567. The government's interest in combating prostitution and criminal activity satisfies the first three factors of this test. *See id.*

at 583-585; *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 300-02 (2000). As for the fourth factor, unlike other regulations upheld by the Supreme Court for being "narrowly tailored" that required dancers to wear "pasties" and a "G-string," the Ordinance does not have a direct effect on nude dancing. *See, e.g., City of Erie*, 529 at 301; *Barnes*, 501 U.S. at 572. Its purpose is instead to prohibit prostitution and other criminal activity. *See* Providence, R.I., Code § 14-17. When the government attempts to prevent an activity that "manifests absolutely no element of protected expression," such as prostitution, and instead is "the enforcement of a public health regulation of general application," the First Amendment is not implicated. *Arcara v. Cloud Books*, 478 U.S. 697, 705 (1986) (finding prostitution carried out in adult bookstore "manifests absolutely no element of protected expression.") Because the First Amendment is not implicated by the government's attempt to restrict prostitution or other criminal activity, the fourth factor of the intermediate scrutiny test is also satisfied. *See id.* at 707.

Without showing that the Ordinance is invalid under intermediate scrutiny, the Plaintiff is unlikely to succeed on the merits of its First Amendment claim. The Court cannot therefore issue a temporary restraining order or preliminary injunction. *See W Holding Co. v. AIG Ins. Co.–Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014). The Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is thus DENIED. ECF No. 4.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 8, 2020