UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BISCAYNE ENTERTAINMENT, INC.,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF PROVIDENCE BOARD OF<br>LICENSES; DYLAN CONLEY; SYLVIA<br>BERNAL; PETER MANCINI; CHARLES<br>NEWTON; DELIA RODRIGUEZ-<br>MASJOAN, *each in their official capacities*<br>*as a Board Member of the City of*<br>*Providence Board of Licenses*; JAMES J.<br>LOMBARDI, III, ESQ., *in his official*<br>*capacity as the Treasurer of the City of*<br>*Providence*,<br>    Defendants. | C.A. No. 20-130-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Before the Court is the Plaintiff's Motion for Reconsideration of the denial of its request for a temporary restraining order and preliminary injunction. ECF No. 10. For the reasons discussed below, the Court GRANTS the Plaintiff's Motion. ECF No. 13.

## I.   BACKGROUND

In March 2020, the Plaintiff filed a motion with this Court seeking to enjoin the Defendants from enforcing the decision of the City of Providence Board of Licenses (the "Board") to revoke the business licenses of the "Wild Zebra." ECF No.

4.[1]  The Board revoked these licenses after finding the Plaintiff in violation of the Providence City Code, Section 14-17 (the "Ordinance"), which makes it unlawful for any worker of a licensee to undertake various prohibited conduct, including prostitution. ECF No. 9-3. The Board found the Plaintiff's "gross negligence" created two incidents of prostitution at the Wild Zebra and one incident involving the sale of cocaine. *Id.* at 3-5. The Defendants objected to the Plaintiff's Motion. ECF No. 9. The Court heard oral arguments during a telephonic motion hearing on April 6, 2020 and after issued an order denying the Plaintiff's Motion. ECF No. 10.

In its motion for preliminary injunction, the Plaintiff asserted that it is entitled to injunctive relief because it has shown a likelihood of success on the merits of its First Amendment claims. ECF No. 4-1 at 5. Arguing that the Ordinance is an unconstitutional content-based restriction on free speech and that the Defendants used the Ordinance to revoke its business licenses, the Plaintiff asserted that its First Amendment right to offer nude dancing, a form of constitutionally protected expressive conduct, was violated. *Id.* at 5-6.

Reviewing the constitutionality of the Ordinance under intermediate scrutiny, the Court found the Ordinance as applied to the Plaintiff as "the enforcement of a public health regulation of general application" that did not implicate the First Amendment. ECF No. 10 at 3 (citing *Arcara v. Cloud Books*, 478 U.S. 697, 705 (1986)). Without showing the Ordinance invalid under intermediate scrutiny, the

---

[1] The Wild Zebra is a Providence club that offers adult entertainment, including live performances and nude dancing. ECF No. 13-1 at 1.

Court found the Plaintiff unlikely to succeed on the merits of its First Amendment claim and thus denied its request for a temporary restraining order or preliminary injunction. *Id.*

The Plaintiff is seeking reconsideration for two reasons. *See* ECF No. 13-1 at 5.[2] First, according to the Plaintiff, the Court did not address its likelihood of success on its claim that the Ordinance violated its procedural due process rights because it did not provide for judicial review, which the Plaintiff claims is required when an ordinance infringes First Amendment rights. *Id.* at 6-9. The Plaintiff also argues that the Court erred in relying on *Cloud Books* when it found the Ordinance a generally applicable enforcement of a public health regulation because, unlike the ordinance in *Cloud Books*, the Plaintiff contends the Ordinance targets expressive conduct. *Id.* at 12. The Defendants oppose the Plaintiff's Motion for reconsideration. *See* ECF No. 17.

## II.   STANDARD OF REVIEW

"A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 82 (1st Cir. 2008) (quoting *Kansky v. Coca-Cola Bottling Co. of New England,* 492 F.3d 54, 60 (1st Cir. 2007)). "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party ... or has made an error not of reasoning but apprehension.'" *Id.* (quoting *Sandoval*

---

[2] The Court also received a brief from amicus curiae American Civil Liberties Union of Rhode Island in support of the Plaintiff's Motion for Reconsideration. *See* ECF No. 15.

*Diaz v. Sandoval Orozco*, No. 01–1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)).

## III.    DISCUSSION

### A. Grounds for Reconsideration

In support of its Motion for Reconsideration, the Plaintiff asserts that the Court did not address its likelihood of success on its claim that the Ordinance violated its procedural due process rights because it did not provide for judicial review of the Board's decision to revoke its licenses. ECF No. 13-1 at 6. Relying on *Fantasy Book Shop v. City of Boston,* the Plaintiff claims it is entitled to such judicial review because, as a commercial entity engaged in expressive conduct, the First Amendment requires certain procedural safeguards when the decision to enforce a regulation has "a significant indirect impact on [its] protected activity." *Id.* (citing *Fantasy Book Shop v. City of Bos.*, 652 F.2d 1115, 1122 (1st Cir. 1981)).  The Court agrees with the Plaintiff that it did not address this procedural due process argument in its earlier Order (ECF No. 10), and it should have.[3]

In *Fantasy Book Shop*, the First Circuit considered a challenged to a law requiring the licensing of commercial operations to limit noise, traffic, and disruption

_____

[3] In its previous Order, the Court found that the Plaintiff did not establish a likelihood of success on the merits of its *substantive* due process claims because the Ordinance is one of general applicability and regulates prostitution, which "manifests absolutely no element of protected expression." ECF No. 10. Although the Court agrees with the Plaintiff that enforcement of the Ordinance was procedurally deficient, the Court continues to find that the Ordinance is not meant to target expressive conduct.

in an area of Boston. 652 F.2d at 1115. Three bookstores offering coin-operated adult motion pictures applied for the license to operate and were denied. *Id.* The bookstores challenged their license denial on First Amendment grounds, arguing that the law disproportionally burdened their bookstores and thus was an impermissible content-specific regulation. *Id.* at 1121. The City of Boston countered that the ordinance was concerned only with the stated criteria of noise, traffic, and disruption, and that any positive correlation between limiting those effects and burdening a kind of expressive content was "purely accidental." *Id.* Finding merit in both arguments, the First Circuit stated that "the full panoply of [First Amendment] procedural safeguards required for facially content-specific regulations" is unnecessary for a content-neutral regulation, unless the neutral criteria asserted served as a mere pretext for what were in fact content-directed decisions. *Id.* Without a showing of pretext, a statute must be accepted as "a valid police power/land use regulation not directly implicating First Amendment values." *Id.* at 1122. "At the same time, however, the First Amendment requires that a regulation having a significant indirect impact on protected activity must provide certain important procedural safeguards not necessarily required of every valid governmental regulation." *Id.* These procedural safeguards are (1) adequate administrative proceedings, including notice and a hearing, (2) an expeditious decision by the administrator, (3) prompt judicial review of that decision, and (4) immediately available appellate review. *See id.* Because the bookstores in *Fantasy Book Shop* did not allege that such procedural

safeguards were lacking in that case, the First Circuit did not find the licensing scheme procedurally deficient. *Id.*

The procedural facts of this case differ from *Fantasy Book Shop*. In November 2019, the Plaintiff received a notice to appear before the Board to show cause why its liquor license (the "Liquor License"), entertainment license, food license, Sunday sales license, and license to operate on holidays (collectively, "the Licenses") should not be suspended or revoked because of alleged prostitution and drug sales. ECF No. 13-1 at 3. Hearings were held in January 2020 and the Board, after finding the Plaintiff grossly negligent in allowing prostitution to occur, issued a decision revoking the Licenses on February 14, 2020. *Id.*

The Plaintiff appealed the Board's decision revoking its Liquor License to the Department of Business Administration (the "DBR"). *Id.*[4] The DBR stayed the revocation, finding that there was no public danger and without a stay, the Plaintiff would have no "meaningful appeal" of the action taken by the Board. ECF No. 1-3 at 12.

As for the entertainment license, food license, Sunday sales license, and license to operate on holidays, however, the only available review of the Board's decision to revoke these Licenses is through a petition for a writ of certiorari to the Rhode Island Supreme Court. *See Cullen v. Town Council of Town of Lincoln*, 893 A.2d 239, 249

---

[4] The DBR has jurisdiction over liquor licenses in Rhode Island. Rhode Island law provides the right to a de novo review by the DBR of the revocation of a liquor license (R.I. Gen. Laws, § 3-7-21) and the right to appeal a final decision by the DBR to the Rhode Island Superior Court. R.I. Gen. Laws, § 42-35-12.

(R.I. 2006). In February 2020, the Plaintiff petitioned for a writ of certiorari with the Rhode Island Supreme Court and a motion for stay pendente lite, requesting that the Rhode Island Supreme Court stay enforcement of the Board's decision to revoke the licenses. ECF No. 13-1 at 4. The Rhode Island Supreme Court denied the writ petition and motion for stay. *Id.* Seemingly with no other available remedy in state court, the Plaintiff filed its complaint in the case. ECF No. 1.

As seen from the above facts, enforcing the Ordinance has left the Plaintiff without the proper licenses to operate the Wild Zebra in Providence and thus unable to engage in its constitutionally protected expressive conduct of nude dancing. Under *Fantasy Book Shop*, when the enforcement of a regulation has "a significant indirect impact on protected activity" four important procedural safeguards are required. *Fantasy Book Shop*, 652 F.2d at 1122. While the Plaintiff was afforded adequate administrative proceedings, including notice and a hearing, and an expeditious decision by the administrator, it did not receive prompt judicial review of that decision, nor immediately available appellate review. Its only opportunity for judicial review was to petition the Rhode Island Supreme Court for a discretionary writ of certiorari, which it did and was denied, and it had no opportunity for appellate review of that decision.

Judicial review was lacking because a petition for writ is discretionary and, as such, does not provide for judicial review as a matter of right as required by the First Amendment. *See New Harbor Vill., LLC v. Town of New Shoreham Zoning Bd. of Review*, 894 A.2d 901, 907 (R.I. 2006); *see also Déjà Vu of Nashville v. Metrop. Gov't*

7

*of Nashville*, 274 F.3d 377, 401 (6th Cir. 2001) (finding that the requirement that an aggrieved plaintiff go to court through a discretionary route, such as a petition for writ, fails to "guarantee a final adjudication on the merits"); *D'Ambra v. City of Providence*, 21 F. Supp. 2d 106, 108 (D.R.I. 1998). Instead of judicial review, the Plaintiff received a denial of its petition for writ, which the Rhode Island Supreme Court's Rules of Appellate Procedure states "is not an adjudication on the merits and has no precedential effect, and such action is to be taken as being without prejudice to a further application to [the Rhode Island Supreme Court] or any court for the relief sought." R.I. Sup. Ct. R. 13(e). Without more than a petition denial, the Plaintiff has not been afforded the procedural safeguards it is entitled. *See Fantasy Book Shop*, 652 F.2d at 1122.[5]

The total lack of any appellate review also establishes that the enforcement of the Ordinance against the Plaintiff was procedurally deficient under the *Fantasy Book Shop* standard. *See id.*

---

[5] The Defendants do not dispute that *Fantasy Book Shop* requires the four procedural safeguards when a licensing scheme threatens a licensee's ability to engage in protected expression. *See* ECF No. 9-1 at 9. They believe, however, that each of those factors was satisfied and argue that "even though the review is by petition to the [Rhode Island] Supreme Court, the licensee her[e] did have the ability [to] petition for the review required by *Fantasy Book Shop*." *Id.* According to the Defendants, "[s]imply because [the petition] was denied does not make it violative of the statutory scheme required." *Id.* The Court is not convinced that the Ordinance is in line with the requirements of *Fantasy Book Shop* for judicial and appellate review.

B. Four-Factor Analysis for Preliminary Injunction

The Court should now consider the Plaintiff's procedural due process argument within the framework of its request for a preliminary injunction. A request for preliminary injunction is judged using a four-factor legal standard. *Harris v. Wall*, 217 F. Supp. 3d 541, 552–53 (D.R.I. 2016). The moving party must show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) a fit (or lack of friction) between the injunction and the public interest. *Id.* "The four factors are not weighted equally; 'likelihood of success is the main bearing wall of this framework' and of primary importance." *Id.* (quoting *W Holding Co. v. AIG Ins. Co.– Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014)). Even more, in the First Amendment context, the first factor will often be determinative because the Supreme Court has recognized that even minimal infringement upon First Amendment values constitutes irreparable injury. *Deja Vu of Nashville*, 274 F.3d at 400. And "it is always in the public interest to prevent violation of a party's constitutional rights." *Id.* (quoting *G & V Lounge v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994)).

After analyzing the Plaintiff's procedural argument, the showings needed to justify injunctive relief are established. First, and most importantly, the Plaintiff has established a likelihood of success on the merits of its argument that the Ordinance violated its procedural due process rights because it did not provide for the judicial or appellate review required for an ordinance "having a significant indirect impact on

9

protected activity." *Fantasy Book Shop*, 652 F.2d at 1122. Without such injunctive relief, the Plaintiff will suffer irreparable harm because of the loss of the Licenses and inability to provide its expressive conduct. The balance of equities and the effect of an injunction on the public interest do not justify denying the Plaintiff injunctive relief. While the Defendants argue that these two factors favor their interest in public safety and eliminating criminal activity, the threat to public safety was considered a low priority by the Defendants as evident in part by their delay (almost six months) in bringing the original show-cause hearing against the Plaintiff. Additionally, the DBR, in its issuing of a stay of the revocation of the Plaintiff's liquor license, found no public danger. *See* ECF No. 1-3 at 12.

Injunctive relief is thus warranted. The Defendants are enjoined from enforcing the Board's decision to revoke the Licenses (other than the Liquor License under the DBR's jurisdiction), unless and until the Plaintiff is afforded prompt constitutionally protected judicial review and immediate appellate review.

IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Reconsideration. ECF No. 13. Moreover, the Court GRANTS the Plaintiff's Motion for a Preliminary Injunction consistent with this order.[6]  ECF No. 4.

---

[6] The Plaintiff's counsel shall submit a form of injunction to the Court after consultation with the Defendants' counsel.

10

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 11, 2020